IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAVE THE YELLOWSTONE GRIZZLY, a Montana Non-Profit Corporation, | CV 22–184–M–DLC-KLD |
| Plaintiff, | ORDER |
| vs. | |
| UNITED STATES DEPARTMENT OF INTERIOR, FISH AND WILDLIFE SERVICE, | |
| Defendant. | |

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f) and Local Rules 16.1, 16.2, & 26.1,

IT IS ORDERED:

**1. Responsibility of Plaintiff's Counsel.** This Order is issued at the outset of the case, and a copy is delivered by the Clerk of Court to counsel for the plaintiff. The plaintiff's counsel is directed to serve a copy of this Order to each other party within ten (10) days after receiving notice of that party's appearance. The plaintiff's case may be dismissed without prejudice if the plaintiff fails to serve opposing counsel with this Order.

1

**2.  *Vaughn* Index.**  The government shall prepare and file with the Court, no later than February 8, 2023, a *Vaughn* index identifying the documents withheld, the FOIA exemptions claimed, and a particularized explanation of why each document falls within the claimed exemption.  *See Wiener v. FBI*, 943 F.2d 972 (9th Cir. 1991); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

**3.  Rule 26(f) Conference and Case Management Plan.**  The parties shall file a proposed case management plan on or before February 24, 2023.  The parties shall e-mail a copy of the proposed case management plan in Word format to kld_propord@mtd.uscourts.gov.  Lead trial counsel for the respective parties shall, at least two weeks before the proposed case management plan is due, meet to discuss the nature and basis of their claims and defenses, to develop the proposed case management plan, and to discuss the possibilities for a prompt settlement or resolution of the case.  *See* Fed. R. Civ. P. 1.  The case management plan resulting from the Rule 26(f) conference is not subject to revision, absent compelling reasons.

**4.  Contents of Case Management Plan.**  The proposed case management plan should contain deadlines for the following pretrial motions and events or should state that such deadlines are not necessary:

> Motions to Dismiss (fully briefed)
> Motions to Amend the Pleadings
> Completion of Discovery
> Motions for Summary Judgment (fully briefed)

2

Additional Deadlines Agreed to by the Parties.

"Fully briefed" means that the motion, the brief in support of the motion, and the opposing party's response brief are filed with the Court by the deadline.  A party seeking to amend the pleadings after the date specified above must show "good cause" for amendment under Federal Rule of Civil Procedure 16(b)(4).  Only when that showing has been made will the Court consider whether amendment is proper under Federal Rule of Civil Procedure 15.

**5.  Representation at Rule 26(f) Conference.**  Each party to the case must be represented at the Rule 26(f) conference by at least one person with authority to enter into stipulations.

**6.  Stipulation to Foundation and Authenticity.**  Pursuant to Rule 16(c)(2)(C), the parties shall either:

(a)     enter into the following stipulation:

The parties stipulate as to foundation and authenticity for all written documents produced in pre-trial disclosure and during the course of discovery.  However, if receiving counsel objects to either the foundation or the authenticity of a particular document, then receiving counsel must make specific objections to producing counsel in writing within a reasonable time after receiving the document.  A "reasonable" time means that producing counsel has sufficient time to lay the foundation or establish authenticity through depositions or other discovery.  If the producing party objects to a document's foundation or authenticity, the producing party shall so state, in writing, at the time of production, in sufficient time for receiving counsel to lay the foundation or establish authenticity through depositions or other discovery.  All other objections are reserved.

3

or

(b)     state why a stipulation to authenticity and foundation is not appropriate for the case.

DATED this 23rd day of November, 2022.

_____
Kathleen L. DeSoto
United States District Court