JOHN M. NEWMAN
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E Front Street, Suite 401
Missoula, MT 59802
Phone: (406) 829-3336
Fax: (406) 542-1476
Email: john.newman@usdoj.gov

Attorney for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAVE THE YELLOWSTONE GRIZZLY, a Montana Non-Profit Corporation,<br><br>               Plaintiff,<br>vs.<br><br>UNITED STATES DEPARTMENT OF INTERIOR, FISH AND WILDLIFE SERVICE,<br><br>               Defendant. | CV 22-184-M-DLC-KLD<br><br>STIPULATED FEE SETTLEMENT AGREEMENT |

      Plaintiff Save the Yellowstone Grizzly ("Plaintiff") and Federal Defendant

United States Department of Interior, Fish and Wildlife Service ("Federal

1

Defendant") enter into the following Stipulated Fee Settlement Agreement ("Agreement") and state as follows:

WHEREAS, Plaintiff's lawsuit alleges violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., stemming from Federal Defendant's failure to timely respond to Plaintiff's August 12, 2022 FOIA request, *see* Doc. 1, passim;

WHEREAS, on or about September 11, 2023, Plaintiff indicated that Federal Defendant complied with its obligation to produce documents responsive to its FOIA request;

WHEREAS, the parties hereby stipulate to the dismissal of Plaintiff's Complaint, and the parties have reached an agreement that obviates the need for any litigation regarding Plaintiff's fees and costs, as set forth below.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. The parties hereby stipulate to the dismissal with prejudice of all claims in Plaintiff's Complaint, and file a proposed order of dismissal herewith.

2. Federal Defendant agrees to pay the lump sum of twelve thousand dollars ($12,000.00) in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the FOIA, 5 U.S.C. § 552,

et seq., and/or any other statute and/or common law theory, for all attorney's fees, costs, and expenses incurred by Plaintiff in this litigation.

3. Plaintiff agrees to forego filing any motion for attorney's fees and costs in the above-captioned matter.

4. Federal Defendant shall make the payment required by Paragraph 1 by electronic funds transfer as directed by Plaintiff's counsel.  Plaintiff's counsel shall provide to the undersigned counsel for Federal Defendant the appropriate account number and other information needed to facilitate payment.

5. Federal Defendant agrees to submit necessary paperwork for the processing of the attorney's fees award within ten (10) business days of the Court's approval of this Agreement or order dismissing the case, whichever is sooner.

6. Plaintiff agrees to accept Federal Defendant's payment of $12,000.00 in full satisfaction of any and all claims for attorney's fees and costs of litigation incurred in this matter to date.  Plaintiff agrees that receipt of this payment from Federal Defendant shall operate as a release of Plaintiff's claims for attorney's fees and costs in this matter to date.

7. Except for the obligations specifically required under this Agreement, Plaintiff agrees to hold harmless Federal Defendant in any litigation, further

suit, or claim arising from the payment of the agreed-upon $12,000.00 settlement amount, including any claims that may arise as to any apportionment of the payment amount to Plaintiff and Plaintiff's counsel.

8. Plaintiff acknowledges that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the attorney's fees award Plaintiff's delinquent debts to the United States, if any.  *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

9. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Federal Defendant is obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

10. This Agreement does not represent an admission by Plaintiff or Federal Defendant to any fact, claim, or defense in any issue in this lawsuit.   This Agreement has no precedential value and shall not be used as evidence of such in any other matter.

11. This Agreement shall be binding on the parties and their successors, agents, designees, employees, and all those acting by and through their authority. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a resolution of claims that were denied and

disputed by the parties.   By entering into this Agreement, the parties do not waive any claim or defense.

12. The undersigned representatives of each party certify that they are fully authorized by the parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein.

DATED this 29th day of March, 2024.

                            JESSE A. LASLOVICH
                            United States Attorney


                            /s/ John M. Newman
                            Assistant U.S. Attorney
                            Attorney for Federal Defendant


                            /s/ Graham J. Coppes
                            Attorney for Plaintiff